EMIL NEUBERGER et al., Appellants, *v.* HENRY C. KEIM et al., Respondents.

A voluntary conveyance of real estate from a husband to his wife is good as against subsequent creditors, unless made with intent to defraud them, or made secretly so that knowledge thereof was withheld from them and they dealt with the grantor upon the faith of his owning the property transferred, or the transfer was made with a view of entering into some new and hazardous business, the risk of which the grantor intended should be cast upon those giving him credit in such business.

In an action by judgment creditors of defendant K. to set aside as fraudulent a deed voluntarily executed by him to defendant D. and a deed executed by the latter to defendant M., the wife of K., which deeds were recorded three days after their execution, it appeared that at the time of the transfer K. was negotiating for the purchase of a business, which purchase was consummated, and the indebtedness upon which plaintiffs' judgments were recovered was incurred in such business more than a year

after the conveyances. It did not appear but that K. was solvent at the time when he conveyed, or that the business was a hazardous one, or that plaintiffs, in giving him credit, relied upon any representation of his or any apparent ownership of the real estate. *Held,* that a finding that the deeds were good and valid conveyances as against plaintiffs was justified.

K., at the time he completed the purchase of the business, represented to the vendor that he owned the real estate conveyed; his wife became surety for the indebtedness incurred on the purchase; this was all subsequently paid, thereafter the indebtedness to plaintiff was incurred. *Held,* that this representation did not indicate a fraudulent intent.

After the plaintiffs rested on the trial, defendants moved to dismiss the complaint on the ground of failure to prove facts constituting a cause of action. The court denied the motion, stating, however, that as the case stood, he would not feel justified in finding that the conveyance was with intent to defraud creditors. No evidence was offered by defendants. Both parties submitted proposed findings and the court dismissed the complaint, stating the dismissal to be on the merits. *Held,* that the case must be deemed to have been submitted in such a way as to permit the court to weigh the evidence and determine the facts, and so to dismiss upon the merits.

*Place* v. *Hayward* (117 N. Y. 487), distinguished.

Reported below, 53 Hun, 60.

(Argued April 25, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 9, 1889, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David Hays* for appellants.

*Arthur Furber* for respondents.

HAIGHT, J. This action was brought to set aside certain deeds on the ground that they were made with the intent to defraud creditors.

The defendant Henry G. Keim was the owner of an interest in certain real property situate in the city of New York,

of the value of about $5,000, and on the 28th day of December, 1883, he voluntarily conveyed the same to the defendant Kate Boller, who on the same day conveyed the same to the defendant Mary A. Keim, the wife of the defendant Henry G. Keim, and which deeds were on the thirty-first day of December thereafter recorded in the office of the register of the city and county of New York, in liber 1768 of conveyances, at pages 163 to 165. At the time of these conveyances the defendant Henry G. Keim was engaged in the manufacture of flowers and feathers for the millinery trade, and was possessed of personal property consisting of stock in trade, fixtures, furniture, bills, notes, book accounts and the good will of his business, and there is no proof that his then liabilities exceeded the value of his property. He had, however, prior to such conveyance, had negotiations with one J. B. Sweeting, of Rochester, N. Y., for the purchase of his retail millinery business in that city, and in the course of such negotiations had stated to Sweeting that he was the owner of the real estate conveyed as aforesaid. On the 9th day of January, 1884, Keim and wife visited Sweeting at his store in Rochester, and then agreed upon the terms of purchase, and on that occasion Keim, in the presence of his wife, for the purpose of obtaining credit, again stated to Sweeting that he was the owner of the real estate before mentioned. Sweeting, believing the representations concerning the ownership of the real estate, sold to Keim his stock of millinery goods in Rochester for the price of $9,500; $500 to be paid in cash, and $9,000 on a term of credit running nine years, secured by notes in part made by Keim, indorsed by his wife, and in part notes made by his wife and indorsed by himself. Keim took possession and carried on the business in the city of Rochester until the 15th day of June, 1885, at which time he made a general assignment for the benefit of creditors. In the meantime, a fire had occurred in his store, destroying the greater portion of his stock of goods.

The plaintiffs are judgment creditors of Keim, and their judgments were recovered for goods sold and delivered to

him in the spring of 1885 for his millinery business in
Rochester.

The trial court found as a conclusion of law that the deeds
mentioned are good and valid conveyances as against the
plaintiffs, and vested the title of the property in the defend-
ant Mary A. Keim, and refused to find that Keim, at the time
of executing the deed, was insolvent, or that he made the
conveyance with the intent to hinder, delay and defraud his
creditors in the business in which he was about to engage in
Rochester, including the plaintiffs.

The representation made by Keim to Sweeting at the time
of the purchase of the millinery stock in Rochester might be
the subject of criticism, and indicate a fraudulent intent to
cheat and defraud him were it not for the fact that the notes
given to secure the payment of the purchase-price bear the
signature of Mrs. Keim, the then owner of the real estate.
It is not, however, important for us at this time to consider
the relations existing between Keim and Sweeting, or of the
liability of one to the other, further than to determine
whether the transaction establishes an intent to cheat and
defraud subsequent creditors. Sweeting is not a party to this
action, and the liabilities upon which the plaintiffs have
obtained their judgments were contracted more than a year
subsequent to these conveyances. As to them there is no
evidence that there was any representation made by Keim as
to his ownership of real property to induce them to give him
credit, or that they relied upon any such representation or
appearance of ownership in giving him credit; neither is
there evidence that the millinery business in which he was
about to engage at Rochester was hazardous.

The rule we regard as well stated by Mr. Justice BREWER,
in the case of *Schreyer* v. *Scott* (134 U. S. 411):

" It is evident that the rule obtaining in New York, as well
as recognized by this court, is that even a voluntary convey-
ance from husband to wife is good as against subsequent cred-
itors, unless it was made with the intent to defraud such sub-
sequent creditors; or there was secrecy in the transaction by

which knowledge of it was withheld from such creditors who dealt with the grantor upon the faith of his owning the property transferred; or the transfer was made with the view of entering into some new and hazardous business, the risk of which the grantor intended should be cast upon the parties having dealings with him in a new business." (See also *Todd* v. *Nelson,* 109 N. Y. 316, 327.)

Applying this rule to the facts as found by the trial court, it is apparent that the plaintiffs have failed to establish their right to the relief demanded. The conveyances were not secret, for they were recorded in the office of the register on the third day after their execution, and it is not shown that they were made with the view of entering into a new and hazardous business with the intent of casting upon the plaintiffs the risks of the dealings they may have with him in such business.

It is claimed that the complaint was dismissed at the close of the plaintiffs' case, and that it was in effect a nonsuit, and if there are any disputed questions of fact or inferences to be drawn therefrom, which, upon a jury trial, would require the submission of the case to a jury, the judgment must be reversed, and our attention is called to the case of *Place* v. *Hayward* (117 N. Y. 487).

In that case the complaint was dismissed, and the court considered the question as to whether the defendant had the right to retain in the judgment the statement that the dismissal was *upon the merits.*

In this case, after the plaintiffs rested, the counsel for the defendants moved to dismiss the complaint on the ground that the plaintiffs had failed to prove facts sufficient to constitute a cause of action. The court replied: "I will not dismiss the complaint, but I say, upon the evidence as it now stands, I would not feel justified in finding that this conveyance in question was made with the intention of defrauding creditors."

Both parties prepared findings and submitted them to the court. The complaint was dismissed upon the merits. It

appears to us that, under these circumstances, the case must be deemed to have been submitted to the court in such a way as to permit it to weigh the evidence, draw the legitimate inferences therefrom and determine the facts. The trial, as we have seen, was before the court, which was charged with the duty of determining the facts. It is quite different in a trial before a jury. In such a case it is the province of the court to declare the law, and that of the jury to determine the facts. We do not regard it as necessary that a court charged with the duty of deciding the facts should be required to continue its sittings and take the evidence that the defendant may be able to produce when its mind is satisfied upon the close of the plaintiff's case that, under the facts disclosed, the plaintiff ought not to recover.

We do not regard the conversation of Sweeting with Keim and wife, in August, 1884, in reference to Mrs. Keim's signature upon the notes, as material. If she had a desire to be relieved from liability upon the notes at that time, it would not tend to establish the fact that she had an intent to defraud at the time they were executed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.