CORA E. BLIVEN, Appellant, *v.* GEORGE H. ROBINSON et al., as Executors and Trustees of JOSEPH COLWELL, Deceased, Respondents.

152   333
f166   244

PRACTICE — NONSUIT — DECISION ON MERITS. If, on a trial by the court, after a motion by the defendant, at the close of the plaintiff's case, to dismiss the complaint upon the ground that the facts proved do not constitute a cause of action has been in form granted and the ruling excepted to, the plaintiff, instead of resting upon the decision as announced, joins the defendant in requesting the court to make findings of fact and conclusions of law upon all the issues in the case, which is done, and a decision rendered thereon dismissing the complaint upon the merits, the plaintiff cannot insist that the decision is in effect a mere nonsuit, and not a determination of the action upon the merits, on the ground that the defendant had not formally rested his case.

*Bliven* v. *Robinson*, 83 Hun, 208, affirmed.

(Argued March 5, 1897; decided March 26, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered December 31, 1894, which affirmed a judgment in favor of defendants entered upon a decision of the court dismissing the complaint upon the merits, without costs, on trial at Special Term.

Also, appeal from an order of the same General Term, entered December 19, 1894, which affirmed an order of Special Term denying a motion by the plaintiff to correct and modify the judgment of the Special Term by striking out the words " upon the merits," so that the judgment should read : That the plaintiff's complaint be and the same is hereby dismissed, without costs, instead of reading : That the plaintiff's complaint be and the same is hereby dismissed upon the merits, without costs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Cruikshank* for appellant. The adjudications as well as the questions left open by this court should be

considered in the determination of this case; the copartner-
ship agreements were no justification for the investments by
the executors. (*Nat. Bank of Newburgh* v. *Bigler*, 83 N.
Y. 51; *Stewart* v. *Robinson*, 115 N. Y. 338; *Bell* v. *Hep-
worth*, 134 N. Y. 447, 448; *Ross* v. *Hardin*, 79 N. Y. 85;
*Kennedy* v. *Porter*, 109 N. Y. 548; R. S. [7th ed.] 2256;
*Schettler* v. *Smith*, 41 N. Y. 334; Lewis on Perpetuities, 170;
*Hawley* v. *James*, 16 Wend. 62; *Rice* v. *Barrett*, 102 N. Y.
161; *Rose* v. *Rose*, 4 Abb. Ct. App. Dec. 108; *In re Rus-
sell*, 8 N. Y. S. R. 754; *Smith* v. *Edwards*, 88 N. Y. 92;
*Garvey* v. *McDevitt*, 72 N. Y. 556.) Plaintiff is entitled
to have any or all three of the papers set aside. (Perry
on Trusts, § 467; Lewin on Trusts, 926; *Jones* v. *Jones*, 120
N. Y. 589; *Adair* v. *Brimmer*, 74 N. Y. 554; *King* v.
*Mackellar*, 109 N. Y. 223; *Green* v. *Roworth*, 113 N. Y.
462; *Cowee* v. *Cornell*, 75 N. Y. 99; *In re Smith*, 95 N. Y.
516; *Place* v. *Hayward*, 117 N. Y. 487; *Mead* v. *Bunn*,
32 N. Y. 275; Bigelow on Fraud, 67, 68, 69, 305; *Brown* v.
*Tuttle*, 66 Barb. 175; *Bennett* v. *Judson*, 21 N. Y. 238.)
The investments were not made in pursuance of the powers
vested in the executors by the will and in pursuance of the
written requests and consents, and the executors were not
released for the making of said investments or their acts done
in relation thereto ratified or confirmed in any way whatso-
ever. (*Ackerman* v. *Emott*, 4 Barb. 626; *King* v. *Talbot*,
40 N. Y. 76; *In re Keteltas*, 1 Connolly, 468; *In re Jones*,
103 N. Y. 621; *C. W. Co.* v. *Hodenpyl*, 135 N. Y. 434;
*Hartnett* v. *Wandell*, 60 N. Y. 346; *Schmittler* v. *Simon*,
101 N. Y. 554; *Wilmerding* v. *McKesson*, 103 N. Y. 329;
*Deobold* v. *Oppermann*, 111 N. Y. 538; *In re Myers*,
131 N. Y. 415, 416; *Bell* v. *Hepworth*, 134 N. Y. 449.)
The erroneous findings of fact must lead to a reversal.
(*Capron* v. *Thompson*, 86 N. Y. 418; *Beach* v. *Cooke*, 28
N. Y. 508.) Plaintiff is entitled to have the record cor-
rected or modified. (*Place* v. *Hayward*, 117 N. Y. 487;
*Gilman* v. *Prentice*, 132 N. Y. 491; *Spooessig* v. *Keutel*, 43
N. Y. S. R. 794; *Wheeler* v. *Ruckman*, 51 N. Y. 391; Code

Civ. Pro. §§ 1022, 1209; *Neuberger* v. *Keim*, 134 N. Y. 39; *Wood* v. *Lary*, 124 N. Y. 83; *Forbes* v. *Chichester*, 125 N. Y. 769; *Raabe* v. *Squier*, 148 N. Y. 81; *Binns* v. *M. R. Co.*, 18 Civ. Pro. Rep. 42.) If this case be treated as a case of nonsuit, plaintiff is entitled to a reversal, unless defendants show that there was no disputed material question of fact which, upon a jury trial, the court would have been required to submit to a jury. (*Scofield* v. *Hernandez*, 47 N. Y. 313; *Place* v. *Hayward*, 117 N. Y. 492; *Forbes* v. *Chichester*, 125 N. Y. 769; *Raabe* v. *Squier*, 148 N. Y. 81, 85; *Smith* v. *Pelott*, 44 N. Y. S. R. 242; *Greene* v. *Miller*, 74 Hun, 271; *Pratt* v. *D. H. M. F. Ins. Co.*, 130 N. Y. 206.) The motion for correction or modification was proper, and not made too late. (*Kenney* v. *Apgar*, 93 N. Y. 539; *Columbia Bank* v. *G. T. Church*, 127 N. Y. 361; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y. 357; *N. C. Bank* v. *N. Y. G. E. Bank*, 97 N. Y. 645.) Plaintiff is entitled to equitable relief — to have judgment determining the effect of the will and of the three paper writings with regard to the loans or investments. (1 R. S. 730, § 63; *Graff* v. *Bonnett*, 31 N. Y. 9; *Lent* v. *Howard*, 89 N. Y. 169; *U. S. T. Co.* v. *Roche*, 116 N. Y. 129; 3 R. S. 2181, §§ 63, 64; *L'Amoreaux* v. *Van Rensaule*, 1 Barb. Ch. 34; *Rogers* v. *Ludlow*, 3 Sandf. Ch. 104.)

*Thomas Darlington* for G. H. Robinson, respondent. The decision rendered was "on the merits," and the judgment in accordance therewith is correct. (2 Story's Eq. Jur. § 1523; Cooper's Eq. Pl. ch. 5, pp. 269–271; Milford's Eq. Pl. 237–239; *Lyon* v. *P. & G. Mfg. Co.*, 125 U. S. 698; *Durant* v. *Essex Co.*, 7 Wall. 107; *Edgar* v. *Buck*, 32 N. W. Rep. 644; *Burton* v. *Burton*, 58 Vt. 414; *S. G., etc., Co.* v. *Meyrose*, 27 Fed. Rep. 213; *U. S.* v. *Lane*, 8 Wall. 185; Abb. Tr. Ev. 831; *Coit* v. *Beard*, 33 Barb. 357; *People* v. *Smith*, 51 Barb. 360; *Van Norden* v. *Morton*, 99 U. S. 378; *Hughes* v. *U. S.*, 4 Wall. 232; *House* v. *Mullen*, 22 Wall. 42; *Miller* v. *McGuckin*, 15 Abb. [N. C.] 204; *Ramsay* v. *E. R. Co.*, 9 Abb. Pr. [N. S.] 242.)

*William B. Ellison* for F. W. Colwell, respondent. The request to make loans was not obtained by fraud. (*Morris* v. *Talcott*, 96 N. Y. 100.) The decision rendered was on the merits, and the judgment entered in accordance therewith is correct. (*People* v. *Vilas*, 36 N. Y. 459; *Wheeler* v. *Ruckman*, 51 N. Y. 391; Abb. New Prac. 358.)

MARTIN, J. The principal purpose of this action was to set aside three written instruments executed by the plaintiff upon the ground that her signatures thereto were obtained by fraud. These instruments were, in effect, a consent by the plaintiff to the investment of certain moneys belonging to the estate of her father in the business of a firm of which he was a member at the time of his decease, and which continued the business after his death; a release of the defendants from any liability for making such loan, and a request to them not to file or record the mortgages taken as security therefor. The judge, at Special Term, held that the evidence was insufficient to justify a finding to the effect that these papers were obtained through the fraud of the defendants, and dismissed the complaint upon that ground.

An examination of the record discloses that the evidence justified the learned trial judge in determining the question of fraud in favor of the defendants, and in refusing to set aside the instruments in question. At the close of the plaintiff's case the defendants' counsel moved to dismiss the complaint upon the ground that the facts proved did not constitute a cause of action. That motion was in form granted, and an exception was taken by the plaintiff. Subsequently, and after the cause was summed up by the parties, the court, at their request, made findings of fact and conclusions of law, and thereupon directed a judgment dismissing the plaintiff's complaint without costs. In pursuance of that direction, and upon the findings of the court, a judgment was entered dismissing the complaint upon the merits. Afterwards the plaintiff moved at Special Term for an order to strike out the words "upon the merits" in both the decision and the judg-

ment, which was denied. An appeal was taken from both the judgment and the order to the General Term, where they were affirmed. The order, as well as the judgment, is before us for review upon this appeal.

As the decision of the trial court on the issues was justified and has been affirmed by the General Term, the remaining question to be determined is as to the correctness of the order. In *Place* v. *Hayward* (117 N. Y. 487), where the proceedings upon the trial were somewhat similar to those had in this case, it was held that the decision of the referee dismissing the complaint on the defendant's motion was equivalent to a nonsuit; that he could subsequently make no findings of fact, except such as would justify a nonsuit, and that to maintain the judgment which dismissed the complaint upon the merits, the defendant was bound to show that he was entitled to it upon the undisputed evidence, and that there was no disputed material question of fact which, upon a jury trial, a court would have been required to submit to the jury. The doctrine of that case is reaffirmed in the case of *Raabe* v. *Squier* (148 N. Y. 81).

It may be that the evidence in this case upon the question of fraud was not such as to justify the court in holding as matter of law that there was no proof thereof, and that it presented a question of fact to be determined upon the proof and circumstances developed by the evidence, so that the question whether the decision of the trial court is to be regarded as a nonsuit or as a decision upon the merits becomes important. If the latter, it was clearly justified; if the former, it may be otherwise. At the conclusion of the evidence, the court not only made and signed findings of fact and conclusions of law, but the plaintiff requested the court to find upon all the issues of fact in the case, and such requests were duly passed upon and judgment subsequently directed in accordance therewith. Can it be that, after having requested and obtained from the court findings upon all the facts involved in the issues between the parties, the plaintiff can now successfully assert that because the defendants did

43

not in form rest their case, the decision which was based upon
the findings thus made was in effect a mere nonsuit and not a
determination of the case upon the merits? It seems to me
that to so hold would be carrying the doctrine of the case of
*Place* v. *Hayward* altogether too far. That the plaintiff might
have rested upon the ruling of the court, as announced at the
close of the evidence, when she would have been entitled to a
decision which was in effect a nonsuit, is established by the
cases already cited. But, not satisfied with that, she required
the court to pass upon the entire merits of the case, and now
seeks to avoid the consequences of a decision upon them upon
the ground that the defendants had not formally rested their
case. That fact in no way injured her. She had the benefit
of all the proof she offered upon the subject at issue and to
specific findings upon all the facts she deemed material.
After having obtained these, can she now say that, although
she expressly requested the court to pass upon these questions,
its decision of them was a mere idle ceremony which she can
ignore at pleasure? I think not.

It seems to me that the principle of the decision in the case
of *Neuberger* v. *Keim* (134 N. Y. 35) should be applied, and
that the doctrine of that case requires an affirmance of the
judgment and order. In that case, after the plaintiff rested,
the defendant moved to dismiss the complaint on the ground
that the plaintiff had failed to prove facts sufficient to consti-
tute a cause of action. The court refused, but stated that,
upon the evidence as it stood, it would not feel justified in
finding for the plaintiff. Thereafter both parties prepared
findings and submitted them to the court, when the complaint
was dismissed upon the merits. In that case, Judge HAIGHT,
who voiced the views of the court, said : " It appears to us
that, under these circumstances, the case must be deemed to
have been submitted to the court in such a way as to permit
it to weigh the evidence, draw the legitimate inferences there-
from and determine the facts. The trial, as we have seen,
was before the court, which was charged with the duty of
determining the facts. It is quite different in a trial before a

jury.   In such a case it is the province of the court to declare
the law, and that of the jury to determine the facts.   We do
not regard it as necessary that a court charged with the duty
of deciding the facts should be required to continue its sit-
tings and take the evidence that the defendant may be able to
produce when its mind is satisfied upon the close of the plain-
tiff's case that, under the facts disclosed, the plaintiff ought
not to recover."

. In this case, as in the one cited, the facts were to be deter-
mined by the court.    At the close of the plaintiff's evidence, it
was satisfied that the plaintiff ought not to succeed, and sub-
sequently, at the request of the parties, it passed upon every
question of fact and considered every question of law involved
in the case, or submitted to it for its determination.   After
the plaintiff had procured the court to pass upon thirty-two
questions of fact and eight questions of law, I think she
should not be permitted to say that this case was not decided
upon its merits.

We are of the opinion that the decision was sustained by
the evidence, that the court properly refused to amend the
judgment and decision by striking out the words "upon the
merits," and that both the judgment and order should be
affirmed, with costs.

All concur.

Judgment and order affirmed.