GRIFFEN et al. v. MECHANICS' & TRADERS' BANK.

(Supreme Court, Appellate Division, Second Department.  May 31, 1901.)

1. TRIAL—COMPLAINT—DISMISSAL ON THE MERITS—NONSUIT.

In an action submitted to a referee, defendant proved his defense on cross-examination of plaintiff's witnesses, and on the close of plaintiff's evidence moved to dismiss on the ground of failure to make out a case, whereupon the referee announced that he would not decide the motion till he decided the case, without any suggestion from either party that the motion should be decided as of the time made. Plaintiff announced to the court the only claim on which he claimed a right to recover, and defendant restated its motion to dismiss, involving the examination of questions of fact, and without any objection from plaintiff the matter was left to the referee, who thereafter filed a short decision under Code Civ. Proc. § 1022, dismissing the complaint on its merits. *Held* that, though defendant did not formally rest its case, such dismissal was a determination of the case on its merits, and not a mere nonsuit.

2. SAME—EVIDENCE.

In an action to recover on certain bonds left in defendant bank's custody, and claimed to have been converted by it, the issue was as to whether such bank received the money which had been borrowed on collateral in the hands of the bank's president. While it was shown that the check by which the money was transferred was made payable to the bank's order, there was evidence that the indorsement on such check was such as would appear there in the natural course of business, and the president testified that the proceeds of the checks were used by himself to make good a prior loan which he had personally negotiated on the same securities. *Held,* that a dismissal of the action on its merits was proper.

Appeal from judgment on report of referee.

Action by Daniel M. Griffen and another, as executors of Joseph C. Griffen, deceased, against the Mechanics' & Traders' Bank. From a judgment entered on the report of a referee in favor of defendant plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

William G. Cooke, for appellants.

Isaac N. Mills (Charles Strauss, on the brief), for respondent.

WOODWARD, J. The plaintiffs in this action are the executor and executrix of Joseph C. Griffen, deceased, who claim that the defendant, a New York state banking institution, has converted to its own use certain bonds left in its custody, and which were the property of the plaintiffs. The issues joined by the pleadings were sent to a referee to hear, try, and determine, resulting in the dismissal of the complaint upon the merits. As the entire theory of the appellants is based upon the proposition that the action of the referee in dismissing the complaint constituted a nonsuit, rather than a determination of the merits of the case, and that, as there was some evidence in support of the plaintiffs' contention, it was error to make this disposal of the controversy, it is only necessary to examine this phase of the question. If the dismissal of the complaint was in fact a nonsuit, there can be no doubt that, under the well-established rule prevailing in this state, the plaintiffs are enti-

tled to a reversal of the judgment, if there is any evidence in the case sufficient to support a finding of a jury in favor of the plaintiffs. Place v. Hayward, 117 N. Y. 487, 23 N. E. 25, and authorities cited. It is important to understand, then, just what took place upon the trial. The plaintiffs called six witnesses, who appear to have been the only persons who were in any way related to the transaction or who were familiar with the facts; and the defendant, on cross-examination of plaintiffs' witnesses, brought out the facts necessary to establish the defense urged. It may be conceded, for the purposes of this appeal, that the hostile witnesses necessarily called by the plaintiffs became in fact the witnesses of the defendant upon the cross-examination, and that the testimony as to the matters outside of the direct examination is not conclusive upon the former, so that there may be said to have been a conflict of evidence between Fernando Baltes and the documentary and other evidence submitted by the plaintiffs. But this cannot help the latter, in the view that we take of the case. The evidence covers over 56 pages of the record, involving direct examinations, cross-examinations, redirect and recross examinations, so that it was apparent to counsel on both sides that all the material facts were in the possession of the witnesses called by the plaintiffs. At the close of this evidence the plaintiffs formally rested, and Mr. Strauss, in behalf of the defendant, moved to dismiss the complaint upon the ground that the plaintiffs had failed to show facts to constitute a cause of action, adding, "I would like you to hear argument on the motion." The referee said:

"That motion will be decided when I go over the motion and decide the case. If on all this proof I think he has made out his case, I shall deny the motion and decide in his favor. I don't know of anything else but that question involved here,—whether the plaintiff has made out his case. That is the question, on all his testimony."

Mr. Cooke, in behalf of the plaintiffs, said:

"My claim is that the bank took the bonds and hypothecated them to raise money for the bank, which the bank had. That's what I claim. I don't care a straw about the bailment. I won't speak of it, and I don't want counsel to take up their time, or take up the time of the court or my time, in talking about it."

Judge Mills, in behalf of the defendant, then said:

"I would like to restate the motion to dismiss. The defendant moves to dismiss the complaint upon the merits upon the following grounds: First, that the evidence fails to establish a cause of action; second, that the evidence affirmatively establishes that the plaintiff has no cause of action against the defendant; third, that the evidence clearly establishes the following facts," etc.

It is true that the defendant did not formally rest its case, but it is difficult to understand how there could be any mistake as to the understanding of the parties. All of the available witnesses had been sworn; the merits of the case had been fully developed; the referee had announced that he would hold his decision of the motion to dismiss until he decided the case, without any suggestion on the part of either party that the motion should be decided as of the time it was made; and plaintiffs' attorney had announced

to the court, in somewhat informal language, it is true, the only claim upon which it is pretended.that the plaintiff has a right to recover. With matters in this situation, defendant's counsel restated the motion to dismiss, involving the determination of questions of fact; and, without any objection on the part of the plaintiffs, the matter was left in the hands of the referee, who subsequently filed a short decision, under the provisions of section 1022 of the Code of Civil Procedure, dismissing the complaint upon the merits. To this decision the plaintiffs filed an exception, thus bringing before this court, on review, all questions of law and fact involved in the controversy.

It is difficult to distinguish this case from that of Neuberger v. Keim, 134 N. Y. 35, 39, 31 N. E. 268, where, after the plaintiffs. rested, the counsel for the defendants moved to dismiss the complaint on the ground that the plaintiffs had failed to prove facts. sufficient to constitute a cause of action. The court replied:

"I will not dismiss the complaint, but I say, upon the evidence as it now stands, I would not feel justified in finding that this conveyance in question was made with the intention of defrauding creditors."

Both parties prepared findings and submitted them to the court.. The complaint was dismissed upon the merits. The court, commenting upon this state of facts, say:

"It appears to us that, under these circumstances, the case must be deemed. to have been submitted to the court in such a way as to permit it to weigh the evidence, draw the legitimate inferences therefrom, and determine the facts. * * * We do not regard it as necessary that a court charged with the duty of deciding the facts should be required to continue its sittings, and take the evidence that the defendant may be able to produce, when its mind is satisfied upon the close of the plaintiff's case that, under the facts disclosed, the plaintiff ought not to recover."

In the case at bar all of the evidence was before the referee. His. attention had been called to the claim of the plaintiffs, and it can hardly be doubted that both parties to the litigation understood that the case was submitted to the determination of the referee. Can the plaintiffs now be heard to assert that because the defendant did not, in form, rest their case, the decision which was based upon the facts disclosed by the evidence was in effect a mere nonsuit, and not a determination of the case upon the merits? "It seems to me," says Martin, J., in Bliven v. Robinson, 152 N. Y. 333, 338, 46 N. E. 615, 616, "that to so hold would be carrying the doctrine of the case of Place v. Hayward altogether too far." This whole question has recently been under review in the court of appeals, in the case of Woodbridge v. Bank, 166 N. Y. 238, 244, 59 N. E. 828, where, after reviewing the authorities, the court say:

"The decision herein is in the 'short' form. To this decision the plaintiff took a general exception. Under the authorities above cited, this was not enough. If the plaintiff desired to have defendant's motion to dismiss the complaint treated as a motion for a nonsuit, and to have the decision of the court made in conformity with the motion, a proper correction of the record should have been sought. The failure to do this, coupled with the filing of the general exception to the decision upon the merits, constitutes such a waiver of the alleged error as to preclude plaintiff from raising the question upon appeal."

We are of opinion that this case, in connection with the authorities cited, is decisive of the point on which the appellant relies in the case at bar, and that the dismissal of the complaint upon the merits was within the scope of the referee's duty.

It is conceded by the appellant that there was a conflict of evidence in respect to the material question raised before the referee, and we are clearly of the opinion that the evidence is sufficient to support the decision reached. The material issue was whether the defendant bank received the money which had been borrowed upon the collateral in the hands of Mr. Baltes, and, while it was shown that the check by which the money was transferred was made payable to the order of the bank, it was in evidence that the indorsement upon the back of this check was such as would appear there in the natural course of business; and Mr. Baltes testified positively that no part of the proceeds of the check went to the bank, but that it was used by himself to make good a prior loan which he had personally negotiated upon the same securities, which securities he had taken from the box belonging to the plaintiffs. If the referee believed this testimony, there was an end of the case; and we are satisfied that the plaintiffs failed to establish the fact that the money went to the benefit of the defendant, and that the case was properly disposed of upon the merits.

The judgment appealed from should be affirmed, with costs. All concur.