T. COLE POWELL, Appellant, v. J. E. CANA-
DAY, Respondent.

| 95 | 713 |
| 97 | ¹305 |

St. Louis Court of Appeals, August 4, 1902.

1. **Injunction, When Granted:** POSSESSION OF LANDS. A court
of equity, on a proper showing, will enjoin the cutting of timber on
real property where the timber constitutes the chief value thereof;
but plaintiff, among other things, must show possession of the land
in question. Where the actual possession is in great doubt, depend-
ing upon conflicting evidence, it is proper for a court of equity to
leave the party to seek other remedies and deny an injunction.

2. ——: ——: Plaintiff sought, upon grounds stated in the
opinion, to enjoin the cutting of trees by defendant from land
claimed by plaintiff, and the trial court sustained a demurrer to
the evidence upon the hearing of a motion to dissolve: *held*, that the
ruling was right upon the facts stated in the opinion, where plain-
tiff's title and possession were doubtful.

3. **Burden of Proof.** The burden of proof of possession, in the case
outlined in the foregoing headnote, is upon the plaintiff.

4. **Injunctive Relief:** INSOLVENCY: EQUITY. Where plaintiff's
case for injunctive relief depends in part upon the fact of defend-
ant's insolvency, clear proof thereof is required. On a review of
the evidence on this point it is held insufficient.

5. **Equity:** EVIDENCE: ORAL TESTIMONY: PRACTICE APPEL-
LATE. In equity cases, where a large part of the evidence is oral,
an appellate court will not reverse a finding of fact by a trial judge
unless contrary to the preponderance of evidence.

6. ——: DEMURRER TO EVIDENCE: PRACTICE, TRIAL. A
demurrer to the evidence is not applicable to proceedings in equity;
but an order sustaining it is not reversible error where the plain-
tiff's case is fatally deficient for want of equity.

7. **Probate Court:** TEMPORARY INJUNCTION. The probate court
(or judge thereof in vacation) has jurisdiction to grant a tempo-
rary injunction when no judge of the circuit court is in the county.
Where such an order is made it will be presumed (in the absence of

any contrary showing) that the facts exist to warrant the order under section 3628, Revised Statutes 1899.

8. **Final Judgment: WHAT IS.** Where a court entry adjudges that a defendant be discharged "hence without day," it appears that the entry should be held a final judgment.

9. ———: **APPEAL FROM INTERLOCUTORY ORDER DISSOLVING INJUNCTION WILL LIE: STATUTORY CONSTRUCTION.** An appeal will lie in Missouri from an interlocutory order dissolving an injunction. Revised Statutes 1899, section 806.

10. **Injunction: WHEN APPROPRIATE REMEDY: REAL PROPERTY: PRACTICE, TRIAL: PRACTICE, APPELLATE.** Whether or not injunction is an appropriate remedy to maintain the integrity of real property during litigation concerning the title, that question can not be raised on appeal when no claim on that subject was advanced in the trial court.

11. **Error: PRACTICE, APPEAL.** Only such errors as were decided in the trial court against the party appealing are subject to review.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*R. B. Oliver* and *Faris & Oliver* for appellant.

(1) Courts of equity will interfere by injunction to prevent or restrain trespass on real property, for either one of the following causes: (a) to prevent a multiplicity of suits, and (b) where the defendant is insolvent, and so unable to respond in damages. Bailey v. Wade, 24 Mo. App. 186; Weigel v. Walsh, 45 Mo. 560; Crenshaw v. Cook, 65 Mo. App. 264; Turner v. Stewart, 78 Mo. 480. (2) It is insisted that in the case at bar, the testimony of appellant made out a prima facie case of insolvency against respondent, so strong as to require countervailing proof in rebuttal. Continuous acts of trespass and waste, by respondent covering a period of some weeks, were also shown. (3) The case made out by

appellant showed that appellant was in possession. Respondent's grantor, Adams, had sued appellant in ejectment for the land in question, and had been defeated. Respondent bought whatever title Adams had, while the suit of Adams against appellant was pending. Respondent took with notice and is bound under the doctrine of estoppel by the solemn admissions made by his grantor in the petition in ejectment. Hasenritter v. Kirchhoffer, 79 Mo. 239; St. Louis v. Wiggins Ferry Co., 15 Mo. App. 227. (4) Even if it were granted, for the sake of argument, that appellant had no such title nor possession as were sufficient upon which to base his suit for an injunction, yet the proof shows that on the eleventh day of September, 1899, when the suit at bar was filed, there were pending against appellant two suits in ejectment, for this identical land, to-wit: the suit of Virgil P. Adams v. T. Cole Powell, and the suit of Adams' grantee J. W. Canaday v. Percy Orr, the tenant of appellant. Pending a decision of these ejectment suits, appellant had the right to protect the premises from waste at the hands of the plaintiffs therein. While not pertinent to this view it is at least suggestive that the first named action in ejectment was decided on the merits in favor of appellant (who was the defendant therein), and the last-named suit was dismissed by respondent. Heman v. Wade, 74 Mo. App. 339; Sills v. Goodyear, 80 Mo. App. 128; High on Injunctions (1 Ed.), sec. 458.

*Roberts & Hunt* for respondent.

(1) That Canaday would be estopped from denying the title of Adams, is clearly a mistake of the law or the facts, on the part of counsel for appellant. A vendee is not estopped to deny the title of his vendor. Macklot v. Dubriel, 9 Mo. 447; Jockel v. Easton, 11 Mo. 118; Blair v. Smith, 16 Mo. 273; Cutter v.

Waddingham, 33 Mo. 269; Mattison v. Ausmuss, 50 Mo. 551. (2) His possession is adverse to that of his vendor, and he may go so far as to set up the statute of limitations in bar of an action founded on his vendor's title. Ibid. (3) The vendee can set up an outstanding title as well as the statute of limitations, as against his vendor, and he may show that the vendor had no title. Page v. Hill, 11 Mo. 149; Cummings v. Powell, 97 Mo. 524. (4) The plaintiff should prove his entire case, and unless he does so the defendant is under no obligation to show that plaintiff has no case. Krampe v. St. L. Brewing Ass'n, 59 Mo. App. 277. (5) If the complainant makes no case, the chancellor need not call on the other side for a showing, but may at once dismiss the bill. Leeper v. Bates, 85 Mo. 224. (6) Where the party has an adequate remedy at law, and the injury complained of will work irreparable mischief, and defendant is solvent, injunction will not lie. Damshroeder v. Thias, 51 Mo. 100; Railroad v. Maddox, 92 Mo. 469; Victor Min. Co. v. Morning Star Min. Co., 50 Mo. App. 525. (7) A court of equity will not restrain the continuation of trespass on real property, where an adequate remedy at law may be had, that is, if a judgment for damages could be collected. Boeckler v. Railroad, 10 Mo. App. 448. (8) To warrant the relief in this class of cases, the party aggrieved must show a satisfactory title to the *locus in quo*. Equity will not enjoin a trespass to realty when plaintiff's title is in dispute and has not been established at law, when no irreparable injury is shown; and when defendants are in possession alike with plaintiffs of the premises in controversy, and the title is doubtful and disputed, and it is not shown that plaintiffs have taken any steps to establish their title and no reason is shown why they are not so doing, they will be denied an injunction. In such case a court of equity will not presume to determine the title to the prop-

erty, and will not permit a temporary injunction to be granted which would operate as an action in ejectment. 1 High on Inj. (3 Ed.), secs. 698, 701, 723.

BARCLAY, J.—This is a suit in equity to enjoin defendant from cutting and removing timber from a quarter section of land in Pemiscot county, Missouri.

The gist of the petition is that plaintiff is the owner of the land in question, in possession thereof, and that defendant by himself and agents entered thereon without authority, cut down and destroyed valuable trees, and threatens to continue so to do; that the damage to the real property of plaintiff is irreparable, because the chief value of said land consists in the· trees and timber growing thereon; that defendant is insolvent, not able to respond in damages, that plaintiff is wholly without ·adequate remedy at law, etc. The prayer is that defendant and his agents be perpetually enjoined from continuing the acts complained of.

The petition was duly verified by plaintiff. A temporary restraining order was made, pending the suit, by the probate court of Pemiscot county, presumably in circumstances permitting such an order under the statute regulating injunctions. R. S. 1899, sec. 3628.

Thereafter defendant filed a motion to dissolve the injunction on the general grounds that there was no equity in the bill and that its allegations were untrue. The cause came on to be heard upon the motion to dissolve.

Plaintiff put in his testimony. At the end of it the defendant submitted a "demurrer to the evidence," which the court sustained. Thereupon was entered the following judgment or order:

"It is therefore considered and adjudged by the court that the writ of injunction herein be dissolved;

that the defendant be released from the operations and restrictions thereof and go hence without day; it is further considered and adjudged that the defendant recover of the plaintiff the costs and charges herein expended and that he have execution therefor.''

In due time plaintiff made a motion to set aside the foregoing judgment on various grounds, reviewed in this opinion so far as they require remark. The motion having been overruled, plaintiff appealed to this court.

1. It is not important to analyze at this time the entry from which the appeal was taken, to decide whether it is a final judgment or merely an interlocutory order dissolving the temporary injunction. In either event the plaintiff had a right to appeal under the existing law. R. S. 1899, sec. 806. We take it, however, that a final judgment was intended, inasmuch as defendant was discharged ''hence without day.'' But we need not pause to investigate further the form of the trial court's conclusion.

2. Although a demurrer to the evidence is not strictly applicable to a proceeding in equity, it may be treated as a practical mode of arriving at the view of the trial judge in a proceeding of this kind. At the close of plaintiff's testimony, the learned judge announced as his opinion that plaintiff had no case in equity. We see no reason why he might not so declare and thereby save public time and the annoyance of unnecessary proceedings. This the learned trial judge did. There was no substantial error in his procedure in so doing. R. S. 1899, secs. 676, 865.

3. On the merits of the case, we are of opinion that the trial judge was right in his conclusion, or, at least we can not see that the preponderance of the evidence is against the result he announced.

In equity cases, where a large part of the evidence is oral (as in the case at bar), an appellate

court does not reverse findings of facts by a trial judge unless they seem contrary to the preponderance of the evidence. The burden of proof in this case was upon the plaintiff to show the facts necessary to entitle him to the relief prayed. He never got rid of that burden.

Plaintiff does not show any paper title whatever. He relies upon possession, supported by certain equities said to exist in favor of his father from whom his claim of title is derived. The evidence touching plaintiff's possession discloses that defendant and himself were endeavoring successively to retain tenants upon the property from time to time. Plaintiff would put a tenant into the cabin built by him. Then the tenant would move away or be induced to attorn to defendant, according to plaintiff's account. Then some one claiming to hold under defendant would be found in possession. The learned judge might reasonably have dismissed the bill for want of satisfactory proof of actual possession necessary to support a suit of this kind.

The proposition of law asserted by appellant's counsel that a suit in equity will lie to enjoin the cutting of timber constituting the chief value of real property, has been often recognized in appropriate circumstances. Echelkamp v. Schrader, 45 Mo. 505; McPike v. West, 71 Mo. 199; Herman v. Wade, 74 Mo. App. (St. L.) 339; Erhardt v. Boaro, 113 U. S. 537; Lumber Co. v. Wallace, 93 N. C. 22. But the essential facts required to give effect to the law on that subject appear to be wanting in this instance. Plaintiff's claim of title depends chiefly on his supposed possession, aided by the equities already mentioned. His possession would seem to be sharply contested and by no means uninterrupted. In fact, plaintiff did not pretend to be in possession at the time of the hearing in the circuit court. Defendant seems to

have held by force his last entry, and to have built a room adjoining the house erected by plaintiff. The land is not fenced. It is wild timber land. The only improvements are those mentioned already.

4.   A suggestion is advanced in the learned brief for appellant to the effect that injunction is an appropriate remedy to maintain the integrity of property of this sort during the pendency of litigation concerning a controverted title. But .that theory does not appear to have been advanced in the trial court. The petition proceeds on the ground of plaintiff's owner; ship and possession of the property in question and the litigation about the title appears to have been closed already in a way favorable to the present plaintiff.

Certain records introduced in evidence on behalf of plaintiff are strenuously criticised by defendant as inadmissible. As defendant, however, prevailed in the trial court, and did not appeal, it is unnecessary to pass upon the relevancy of that evidence.

No complaint is made by plaintiff of any ruling against him on the testimony.

5.   The attempted proof that defendant was insolvent was noticeably ·fragile. Plaintiff's own testimony on that point is as follows:

"Q.   State, if you know, what the condition of Canaday is—solvent or insolvent? A. I could˙ not say. I always understood that he was not worth the amount .that he owed.

"Q. State whether he recently made a statement to you as to the amount he owed? A. Yes, sir. Sometime back he made a statement to me. The last time he said in regard to his indebtedness—he showed me a statement, and claimed he owed Chicago people twenty-four or twenty-five thousand dollars, and had a credit of ten or twelve thousand dollars, or in the neighborhood of it."

That testimony would scarcely satisfy the de-

mands of equity for clear and cogent proofs. The testimony as to plaintiff's actual possession of the quarter section in question is even less convincing.

It would serve no useful purpose to review the testimony further. It is enough to say that we coincide with the judgment of the learned circuit judge, and affirm it. *Bland, P. J.,* and *Goode, J.,* concur.