PORTER v. WILSON *et al.*

No. 2469. Opinion Filed October 21, 1913.

(135 Pac. 732.)

1. **APPEAL AND ERROR**—Harmless Error—Demurrer to Evidence —Trial by Court. In the trial of a law action all of the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of plaintiff's testimony, and after she had rested her case, defendants demurred to the evidence, and at the same time requested the court to render judgment in their favor as prayed for in their answer, in which affirmative relief was asked. The court sustained the demurrer, made special findings of fact, and rendered a decree in favor of the defendants. **Held** that, while the judgment of the court sustained the demurrer, yet, having made special findings of fact, it was obvious that the court weighed the plaintiff's testimony for the purpose of determining the rights of the respective parties, and, the whole case being before the court, and there being evidence reasonably tending to support the court's findings, no reversible error was committed.

2. **SAME.** When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and, when the plaintiff has introduced all her proof, and rested, no right of hers will be impaired, if the court then determines what has been proven.

3. **SAME—Proceedings.** This court is required by statute to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

4. **INDIANS—Heirship—Legitimacy.** Section 5 of the Act of Congress of February 28, 1891 (26 St. at L. 794, c. 383), which provides: ''That for the purpose of determining the descent of land to the heirs of any deceased Indian, under the provisions of said act (Act Feb. 8, 1887, 24 St. at L. 388, c. 119), whenever any male and female Indian shall have cohabited together as husband and wife, according to the custom and manner of Indian life, the issue of such cohabitation shall be, for the purpose aforesaid, taken and deemed to be the legitimate issue of the Indians so living together, and every Indian child, otherwise illegitimate, shall for such purposes be taken and deemed to be the legitimate issue of the father of such child''—was not extended in its operation to the territory occupied by the Creek Indians in the Indian Territory.

(Syllabus by Sharp, C.)

*Error from District Court, Hughes County;*
*Malcolm E. Rosser, Assigned Judge.*

Action by Nellie Porter, by Johnson E. Tiger, as her guardian and next friend, against Ollie A. Wilson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Lewis C. Lawson,* for plaintiff in error.

*Moore & Noble* and *Walker & Fancher,* for defendants in error.

Opinion by SHARP, C. In the trial below all issues, both of fact and of law, were submitted to the court without the intervention of a jury. At the conclusion of plaintiff's testimony and after she had rested her case, defendants' counsel demurred to the evidence, and requested the court to render judgment in defendants' favor, in accordance with the prayer of their answer, assigning as a reason therefor that the testimony of the

plaintiff failed to prove a marriage of plaintiff's mother and father, according to the customs and usages of the Creek Tribe of Indians. The demurrer was sustained, special findings of fact submitted by the court, and a decree entered for the defendants. In the special findings the court found that the marital relation alleged to have existed between Ben Porter and Jennie McGilbra, plaintiff's parents, was not established by the testimony, and did not in fact exist, either by reason of the customs or the laws of the Creek Nation, but instead that the relation, once existing between them, was illicit, and that the plaintiff was the offspring of said meretricious relationship.

It is insisted by counsel for plaintiff in error that the court erred in sustaining the demurrer, as there was evidence introduced at the trial reasonably tending to establish the allegations of plaintiff's petition; that a demurrer admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. This, in proper cases, is not only the rule in this state, but we believe to be the very general rule of all the courts. Upon a demurrer to the evidence, the court must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer, and cannot weigh conflicting evidence. *Conklin v. Yates,* 16 Okla. 266, 83 Pac. 910; *Edmisson v. Drumm-Flato Com. Co.,* 13 Okla. 440, 73 Pac. 958; *Cole v. Missouri, K. & O. R. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L. R. A. (N. S.) 268; *Ziska v. Ziska et al.,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1.

In *Conklin v. Yates et al.,* and *Ziska v. Ziska et al., supra,* the trial in both cases was had before the court; but the effect of a demurrer to the evidence in trials before the court does not appear to have been raised or considered, although the same general rule was observed as in jury trials. The statutory warrant for demurring to the testimony of the party on whom rests the burden of the issues is found in the third paragraph of section 5794, Comp. Laws 1909 (Rev. Laws 1910, sec. 5002), which expressly provides for the order of procedure in jury trials. This

provision was held, in *Chicago Lumber Co. v. Merrimack River Sav. Bank,* 52 Kan. 410, 34 Pac. 1045, to be authorized by the spirit, if not the letter, of the Code of Procedure of that state (section 275 [4722] Stats. Kan. 1901), and which provision of the statute is identical with section 5794, *supra.* This practice appears to have been recognized by the Supreme Court of Kansas in a number of cases, among which are: *Wolf v. Washer,* 32 Kan. 533, 4 Pac. 1036; *Farnsworth v. Clarke,* 62 Kan. 264, 62 Pac. 655; *Wehe et al. v. Mood et al.,* 68 Kan. 373, 75 Pac. 476. The nature of a demurrer to the evidence has been defined to be (2 Tidd. Pr. p. 265) "a proceeding by which the judges of the court in which the action is pending are called upon to declare what the law is, upon the facts shown in evidence, analogous to the demurrer upon the facts alleged in a pleading." See, also, *Suydam v. Williamson et al.,* 20 Wall. 427, 15 L. Ed. 978. And the practice of demurring to the evidence in jury trials, while not recognized in some jurisdictions, is an ancient and well-established one, having a firm support in principle, and recognized in many of the states, and by the federal and English courts (Elliott's General Practice, secs. 855, 856), though in trials before the court the practice of demurring to the evidence appears to be an anomalous procedure, followed only by the Supreme Court of Kansas, so far as our investigation of the authorities extends (30 Cyc. 1946; footnote to Elliott's General Practice, sec. 855).

Where the trial is before the court, it is charged with the duty of determining the facts, while where the trial is before the jury, the facts are for its determination; it being the province of the court to declare the law. We must not, however, overlook the very important fact that the court did not render its judgment alone upon the demurrer to the evidence, but, after a consideration of the proof submitted by plaintiff, made its findings of fact, thereby necessarily weighing the plaintiff's testimony for the purpose of determining the rights of the respective parties to a recovery.

A similar question was before the Supreme Court of Washington in *Lambuth v. Stetson & Post Mill Co.,* 14 Wash. 187,

44 Pac. 148, and from which we quote at length. It was said by Hoyt, C. J., speaking for the court:

"The cause went to trial before the court; a jury having been waived by the parties. After plaintiff had put in his evidence and rested, defendant moved for nonsuit and a dismissal of the action, on the ground that the evidence had not shown that plaintiff was entitled to recover. This motion was granted, for the reason, as stated by the court, that a fair preponderance of the proof established facts which prevented a recovery by the plaintiff. The granting of this motion, followed by a dismissal of the action, is the ground upon which plaintiff relies for a reversal. If the court had a right to weigh the evidence tending to establish the facts alleged in the answer against that which tended to make out plaintiff's *prima facie* case, and decide in accordance with what he thought to be the preponderance of the' evidence on either side, the judgment must be affirmed, for, if he had a right to do this, his conclusion has the force here of the verdict of a jury, and will not be disturbed if there was evidence upon which it could be founded. Could the court thus weigh the testimony for and against the claim of plaintiff upon this motion for a nonsuit, or must it be denied if there was any evidence tending to sustain the claim of plaintiff, however much there might be in opposition thereto? * * * Appellant has cited a large number of cases to show that a motion for a nonsuit should be denied if the evidence introduced by the plaintiff tended to establish the facts necessary to a recovery; but all but one stated the rule in cases in which the cause was tried before a jury. * * * but, where the entire trial is before the court which must finally pass upon the law and facts of the case, there is no good reason why it should not be allowed to determine the facts necessary to a proper application of the law at any time during the trial. It would be worse than useless for the court, after its attention had been called to the insufficiency of the evidence offered by the plaintiff to establish the facts necessary to enable him to recover, and, after being satisfied that such was the nature of the evidence introduced by the plaintiff, to require the defendant to put in evidence to disprove that which had been already sufficiently disproved. When the trial is before a jury, the court cannot weigh the testimony upon a motion for a nonsuit, for the reason that it cannot weigh it at any time; but, when the trial is without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should

not so weigh it at the earliest possible time, when the rights of the plaintiff will not be cut off by its so doing, and, when the plaintiff has introduced all of his proof and rested, no right of his will be cut off if the court then determines what has been proven.   It cannot be presumed that plaintiff's case will be strengthened by the evidence put in by the defendant.   If, when plaintiff had submitted his evidence, the defendant had rested without putting in any proof, it is clear that the court would have had to determine the questions of fact made by the pleadings upon a preponderance of the testimony.   Hence, under the rule contended for by the appellant, the court might be put in the anomalous position of denying the motion for a nonsuit, and immediately thereafter, upon the refusal of the defendant to put in any proof, deciding the case in his favor.   No good purpose could be subserved by refusing to a trial court the right to determine the law in the light of the evidence upon a motion for a nonsuit, the same as upon final submission.   It was the right of the court, upon the motion for a nonsuit, to decide as to the preponderance of the evidence, and, it having decided that such preponderance was with the defendant, and there having been testimony to support such finding, the judgment rendered thereon must be affirmed."

The legal effect of a motion for a nonsuit, made by the opposing party after his adversary has closed his case, is the same as that of a demurrer to the evidence.   Thompson on Trials, secs. 1667, 2267, 2268; Sutherland, Code Pleading and Practice, sec. 1686.

In *Neuberger v. Keim*, 134 N. Y. 35, 31 N. E. 268, after the plaintiffs had rested their case, counsel for defendant moved to dismiss the complaint, on the ground that plaintiffs had failed to prove facts sufficient to constitute a cause of action.   The court replied:

"I will not dismiss the complaint; but I say, upon the evidence as it now stands, I would not feel justified in finding that this conveyance in question was made with the intention of defrauding creditors."

The opinion reads:

"Both parties prepared findings and submitted them to the court.   The complaint was dismissed upon the merits.   It appears to us that, under these circumstances, the case must be deemed

to have been submitted to the court in such a way as to permit it to weigh the evidence, draw the legitimate inferences therefrom, and determine the facts. The trial, as we have seen, was before the court, which was charged with the duty of determining the facts. It is quite different in a trial before a jury. In such a case it is the province of the court to declare the law, and that of the jury to determine the facts. We do not regard it as necessary that a court charged with the duty of deciding the facts should be required to continue its sittings, and take evidence that the defendant may be able to produce, when its mind is satisfied upon the close of the plaintiff's case that, under the facts disclosed, the plaintiff ought not to recover."

The principle thus applied was followed in *Bliven v. Robinson*, 152 N. Y. 333, 46 N. E. 615, where, after quoting at length from the former opinion of the court, it was said:

"In this case, as in the one cited, the facts were to be determined by the court. At the close of plaintiff's evidence, it was satisfied that plaintiff ought not to succeed, and subsequently, at the request of the parties, had passed upon every question of fact and considered every question of law involved in the case, or submitted to it for its determination."

It was held that the decision was sustained by the evidence, and that the court properly refused to amend the judgment and decision by striking out the words, "upon the merits."

In *Hayward, Adm'r, v. Jackman*, 96 Iowa, 77, 64 N. W. 667, the trial was before the court, and, at the close of the introduction of the evidence in behalf of plaintiff, the defendant moved the court to dismiss the case, or enter judgment for the defendant. The motion was sustained, and judgment was entered accordingly. It was observed by the court in its opinion:

"Counsel for appellant contend that the motion to dismiss or for judgment ought to have been overruled, because it is in the nature of a demurrer to the evidence, and it ought not to have been sustained unless the evidence was insufficient to support a verdict if the case had been tried by jury. We think the rule applicable to a trial by jury does not obtain where there is a trial of a law action by the court. In such a trial the court weighs the facts, and determines them by a preponderance of the evidence, and, when plaintiff's evidence was all introduced, and the defendant offered no evidence, the question for the court

to determine was whether, by a preponderance of the evidence, the plaintiff was entitled to a judgment."

The judgment of the district court was affirmed.

*Powell v. Canaday,* 95 Mo. App. 713, 69 S. W. 686, was a suit in equity. After plaintiff had introduced his testimony, the defendant submitted a demurrer to the evidence, which was sustained by the court. Thereupon was entered the following judgment or order:

"It is therefore considered and adjudged by the court that the writ of injunction herein be dissolved; that the defendant be released from the operations and restrictions thereof, and go hence without day. It is further considered and adjudged that the defendant recover of the plaintiff the costs and charges herein expended, and that he have execution therefor."

It was said by the court:

"Although a demurrer to the evidence is not strictly applicable to a proceeding in equity, it may be treated as a practical mode of arriving at the view of the trial judge in a proceeding of this kind. At the close of plaintiff's testimony, the learned judge announced as his opinion that plaintiff had no case in equity. We see no reason why he might not so declare, and thereby save public time and the annoyance of unnecessary proceedings. This the learned trial judge did. There was no substantial error in his procedure in so doing."

It is obvious from the record that the court passed upon the entire case. Where it appears, as in this case, that the court weighed the evidence, and determined plaintiff's right to recover after a consideration of the proofs offered, it would be too subtle a refinement to say that the court should have overruled the demurrer, and thereupon, on the same evidence, have found for the defendant; otherwise a reversal must follow. It certainly cannot be presumed that, if the demurrer to the evidence had not been offered, the court would have reached a different conclusion on the same evidence, nor is it to be presumed that the defendants, if they had offered testimony, would thereby have strengthened and fortified plaintiff's claim. Ultimately plaintiff's right to recover involved a question of fact for the court's determination. That the court did consider the testimony and de-

termine the insufficiency is clearly established from the language of the journal entry. The burden of proof rested upon the plaintiff to prove not only the Indian customs of the Creek Nation pertaining to marriage, but to establish her right thereunder. There was more or less conflict in the testimony of plaintiff's witnesses, from which different conclusions might be drawn, and, there being testimony reasonably tending to support the judgment of the court, the same will not be weighed by this court to ascertain whether the court's decision is against the preponderance of the testimony. *McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.,* 24 Okla. 275, 103 Pac. 740; *J. I. Case Threshing Mach. Co. v. Oates,* 27 Okla. 412, 112 Pac. 980; *In re Byrd,* 31 Okla. 549, 122 Pac. 516; *Hausam v. Parker,* 31 Okla. 399, 121 Pac. 1063.

Even though it were conceded that technical error was committed, the substantial rights of the plaintiff were not affected, as she had introduced her evidence and rested her case. She was not caused to change her position, nor did she suffer any disadvantage in the procedure adopted. It is incumbent upon this court, in every stage of the action, to disregard any error or defect in the pleading or proceedings which does not affect the substantial rights of the adverse party, and no judgment will be reversed or affected by reason of such error or defect. Comp. Laws 1909, sec. 5680 (Rev. Laws 1910, sec. 4791); *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359; *St. Louis & S. F. R. Co. v. Houston,* 27 Okla. 719, 117 Pac. 184; *City of Pawhuska v. Rush,* 29 Okla. 759, 119 Pac. 239.

Finally, it is urged that, even though Nellie Porter was the illegitimate child of Ben Porter and Jennie McGilbra, she would be the lawful heir of the former by virtue of section 5 of the Act of Congress of February 28, 1901 (26 St. at L. 794, c. 383). This act is amendatory of, and further extends the provisions of, the general allotment act of February 8, 1887 (24 St. at L. 388, c. 119), which, in section 8, by express terms does not include the territory then occupied by the Creeks in the Indian Territory. Section 5 of the former act expressly provides that

its provisions shall not be held or construed as to apply to the lands commonly called and known as the "Cherokee Outlet." But in no wise does said latter act extend its provisions to the territory occupied by the Creeks, who, as we have seen, were expressly reserved from its operation by the Act of February 8, 1887. This act, as to the territory named in section 8 thereof, was therefore not affected by the passage of the latter statute; hence that provision of said statute, conferring upon an illegitimate child the right to inherit from the father, was without effect upon the right of inheritance as to the Creek Indians in the Indian Territory.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.