MANASSEH BRIGGS et al., Appellants, *v.* ALEXANDER WALDRON, Respondent.

Effect cannot be given by this court to a stipulation requiring or consenting to the review on appeal of rulings made by a trial court, to which no exceptions appear in the case.

The liability of a stockholder of a corporation organized under the act authorizing the incorporation of gas-light companies (chap. 37, Laws of 1848) to the creditors of the company imposed by said act (§ 10) until the whole capital stock has been paid in and certificate thereof filed, is not limited to the original incorporators, but applies as well to those becoming stockholders after the incorporation.

*It seems,* that the complaint in an action brought by a creditor against a stockholder, under that act, is defective when it omits to state that the capital stock had not been paid in and certificate filed at the time the debt was incurred.

*It seems,* also, that the certificate of a clerk of the proper county as to the non-filing of the certificate is defective where it omits to state that diligent search for it has been made in his office, as required by section 921 of the Code of Civil Procedure.

Although the plaintiff in an action fails to make out his cause of action, on trial, the defendant is not, in all cases, entitled to have a verdict directed which will be a final bar to plaintiff's right of action; where the defense set up is a release from liability, and this is not made out so conclusively as to entitle defendant to have a verdict directed in his favor thereon, he is entitled to a nonsuit, not to a verdict.

(Argued December 22, 1880 ; decided January 25, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 11, 1879, affirming a judgment in favor of plaintiff, entered upon a verdict and affirming an order denying a motion for a new trial.

This action was brought by plaintiff, as a creditor, against defendant, as a stockholder of the Citizens' Gas-light Company of Long Island City, a corporation organized under the act authorizing the formation of gas-light companies (chap. 37, Laws of 1848).

The complaint contained three counts. The first alleged an indebtedness of the company upon its promissory note,

dated February 10, 1876, and averred that on that day the whole amount of the capital stock of the company had not been paid in or certificate filed. The second and third counts set forth other notes: one given February 14, 1876, and the other March 11, 1876. There was no averment in these counts that at the date specified the capital stock had not been paid in and certificate filed.

The answer set up, among other things, a release of the defendant.

The further facts appear sufficiently in the opinion.

*Joshua M. Fiero* for appellant. There was absolute failure to prove that the plaintiffs were the owners of the claim and judgment, and entitled to sue as such. (*Clark* v. *Phillips*, 21 How. 87; *McKee* v. *Murphy*, 34 N. Y. Supr. Ct. 261; *Brown* v. *Decker*, 21 Hun, 199.) There is no proof of the issuance and return of execution. (*Chase* v. *Lord*, 77 N. Y. 1–33.) There was no proof that the capital stock had not been paid in full or that a certificate of such payment had not been filed or recorded, as required by law. (Laws of 1848, chap. 37, §§ 10, 11; *Rogers* v. *Jackson*, 19 Wend. 385.) The action must be prosecuted in the names of all the real parties in interest. (*Brown* v. *Decker*, 21 Hun, 199.) A covenant not to sue, without any limitation of time, operates as a release of the debt and may be pleaded in bar. (*Phelps* v. *Johnson*, 8 Johns. 54; *Morgan* v. *Smith*, 70 N. Y. 537; *Rowley* v. *Stoddard*, 7 Johns. 209; *Dezzing* v. *Bailey*, 9 Wend. 336; *Bk. of Poughkeepsie* v. *Holston*, 5 Hill, 461.) There was a good and valuable consideration for this agreement. (*White* v. *Baxter*, 71 N. Y. 254; Addison on Contracts, 13; 1 Parsons on Contracts, 451; *Sands* v. *Crooke*, 46 N. Y. 564; *Willett* v. *Sun Ins. Co.*, 45 id. 45; *Train* v. *Gold*, 5 Pick. 380; *L'Amoreux* v. *Gold*, 7 N. Y. 349; *Hilton* v. *Southwick*, 17 Me. 303.) The defendant is not liable, not falling in the class described and made liable by the act. (Laws of 1848, chap. 37, § 10; *Mellard* v. *Lake Ontario, A. & N. Y. R. R. Co.*, 9 How. 238; *McCloskey* v. *Cromwell*, 11 N. Y. 593; *Rathbun* v. *Acker*, 18 Barb.

393; *Supervisors Niagara* v. *People*, 7 Hill, 511; *Chase* v. *Lord*, 77 N. Y. 1–33 ; *Harger* v. *McCullough*, 2 Den. 119.) The true doctrine is, that no alteration can be made or allowed in the laws of incorporation of a company, by which new and additional objects are to be accomplished, or new responsibilities incurred, so as to bind individuals without their consent. (Sedg. on Stat. Law, 425; *Hartf. & H. R. R. R.* v. *Cromwell*, 5 Hill, 384; *Middlesex Turnpike Co.* v. *Locke*, 8 Mass. 268 ; *Waller* v. *Harris*, 20 Wend. 555–6, etc. ; Sedg. on Stat. Law, 261; *Newall* v. *People*, 7 N. Y. 97 ; 18 Barb. 393 ; 11 N. Y. 593 ; 9 Hun, 238 ; *Lake Ont. Bk.* v. *Mason*, 16 N. Y. 451 ; *Dayton* v. *Borst*, 7 Bosw. 115 ; *Spear* v. *Crawford*, 14 Wend. 20 ; *Davis* v. *French*, 4 Hun, 292 ; *Dorris* v. *Sweeney*, 64 Barb. 636.) By taking the notes of the company, extending as they did the time, having them discontinued, the liability of all stockholders was waived. (47 Barb. 159 ; *Hart* v. *Hudson*, 6 Duer, 294; *Moss* v. *McCullogh*, 5 Hill, 133 ; *Miller* v. *White*, 50 N. Y. 137.)

*L. B. Bunnell* for respondents. The president had authority to give the notes, the goods purchased by him being necessary for the business of the company, and used by it. (*Woodruff & Beach Iron Works* v. *Chittenden*, 4 Bosw. 406 ; *Moss* v. *Rossie Galena Lead Co.*, 5 Hill, 137.) Assumpsit lies against a corporation on an implied promise. (*Danforth* v. *President, etc.*, 12 Johns. 227 ; *Dunn* v. *St. Andrew's Church*, 4 id. 118; *Smith* v. *Law*, 21 N. Y. 296, 299, 300.) The plaintiffs were the real parties in interest. (*Byxbie* v. *Wood*, 24 N. Y. 607 ; 2 Bosw. 267.)

RAPALLO, J. The complaint was clearly defective as to the notes made on the 14th of February and 11th of March, 1876. It does not state that the capital stock had not been paid in and a certificate filed at those dates, and the statement made in reference to the note of February 10 is not repeated in respect to the two subsequent notes. A motion was made on the trial to dismiss on the ground of the insufficiency of the

complaint, but the ruling of the court on that motion was not excepted to, and we cannot, therefore, review it. No objection was made to any of the evidence on the ground that it was not admissible under the pleadings, and consequently no point is before us in respect to them.

The certificate of the clerk of Queens county of the non-filing of the certificate was also defective in that it was not in the form prescribed by section 921 of the Code. It did not state that diligent search had been made for the certificate, and whether the official seal of the clerk was attached to it does not appear.

It was not, however, objected to on either of those grounds, but the only ground specified was that it did not state that the capital stock had not been paid in full. This objection was clearly untenable. There was evidence that in fact the whole capital had not been paid in, some of the stock having been issued to the defendant without payment. We find no material exception in the case. It presents no substantial point for our consideration.

The judgment should be affirmed.

All concur.

Judgment affirmed.

Upon the decision of a subsequent motion for a reargument the following opinion was handed down:

RAPALLO, J. This case was decided on the ground, among others, that although upon the trial some objections were taken on the part of the defendant which should have been sustained, the rulings of the court upon them were not excepted to. The counsel for the defendant now moves for a reargument, claiming that this court must have overlooked a statement contained in the case showing that it was understood upon the trial that an exception followed every objection. It does appear that at the beginning of the trial, upon an objection being overruled and an exception taken, the court directed that to whatever should be objected to the stenographer should

enter an exception, and the defendant's counsel thereupon stated : " We will have it understood that an exception follows every objection on this trial ;" which statement does not appear to have been dissented from. This court did not overlook the alleged stipulation, but regarded it simply as entitling the defendant, on the settlement of the case, to have exceptions entered to such rulings as he might desire to have reviewed upon appeal. If it went farther and was intended to govern the action of the appellate tribunals, and require them to review rulings to which no exception was entered in the case, we cannot give effect to it. The provisions of law which require a party, desiring to review rulings upon a trial, to take exceptions in proper form, are established for the convenience of the courts as well as for the protection of the parties, and the latter cannot, by stipulation, have their cases heard on appeal without regard to those provisions.

The direction given by the court was that an exception should be noted by the stenographer whenever an objection was taken. The court did not undertake to order that its decisions might be reviewed without inserting exceptions in the case. It was the duty of the appellant to see that all exceptions, upon which he intended to rely, were properly noted. This seems also to have been his understanding, for numerous exceptions are noted to rulings made after this direction was given ; and these are the only rulings open to review here.

We examined these exceptions on the argument and did not consider any of them tenable. The one on which the appellant now relies and which he thinks was overlooked was to the refusal of the court to direct a verdict for the defendant. The counsel for the appellant is in error in supposing either that this exception was overlooked, or that it brought up all the points which he sought to raise upon this appeal. It brought up only the question whether he was entitled to have a verdict directed in his favor. Even if the plaintiffs had failed to prove their case, and ought to have been nonsuited, it does not follow that the defendant was entitled to have a verdict directed which would be a final bar to the plaintiffs' right of action.

The defense set up, and which would have been established by a verdict, was a release from liability. It cannot be contended that this defense was made out so conclusively as to entitle the defendant to have a verdict directed in his favor; and even if there was any thing to submit to the jury it cannot avail the defendant as no request was made to go to the jury, but both parties requested that the case be disposed of by the court.

None of the other exceptions which appear in the case are of sufficient importance to require comment.

If the objections which we thought well taken were substantial and could have affected the final result, we might have been inclined to afford the appellant an opportunity to apply to the court below for a resettlement of his case, and the insertion of the proper exceptions. But they relate wholly to matters of form and do not affect the merits. The defect in the complaint was amendable, and the informality in the clerk's certificate could readily have been corrected. There is no pretense that the certificate was not true. The point that the statute imposing liability upon the stockholders of the company applied only to original stockholders or corporators, and not to persons becoming stockholders after the formation of the company by transfer or otherwise, we consider too unsubstantial to require discussion. We find no point in the case which would warrant us in granting a reargument.

The motion should be denied with $10 costs.

All concur.

Motion denied.