Ingraham, J.
[Concurring.] After the charge to the jury on the questions of fact that they were to determine, and near the end of the charge, the learned judge, on laying down the rule as the method of ascertaining the damages in case the jury should find for the plaintiff, told the jury that as good a way-to get at the amount of damage as any, “is to bring the question home to yourselves” (the jury) “ and say, putting yourselves in the position -of the party defamed, what would you, with your knowledge of the world and of mankind, and of the result of a defamation *18 be willing to be libeled in that way for?” This it appears to me in effect instructed the jury that they were to ascertain the damages that the plaintiff had sustained in consequence of the libel complained of, not by assessing from the evidence in the case the amount of the injury inflicted on her, so that she would be compensated for such injury, but for the jury to ascertain “from their knowledge of the world and of mankind, and the result of a defamation,” the amount they would be willing to be so libeled for.
They were not to compensate plaintiff for the injury she had received, but were to, give her such an amount as would compensate the jury for a similar libel published about them, and they were to arrive at such a determination, not from the evidence in the case, but from the jury’s “knowledge of the world, of mankind and the result of a defamation.” '
It is hardly necessary to cite authorities to show that such an instruction is entirely inconsistent with every principle of the common law, on the question of the measure of damages.
' Judge Parsons says, “ the principle which measures damages at common law, is that of giving compensation for the injury sustained, a compensation which shall put the injured party in the same position in which Tie would have stood had he not been injured” (3 Parsons Contr. 155).
It was, however, claimed on the argument that there was no exception to this portion of the charge. After the court had finished the charge, counsel for the defendant requested the court to charge that in the absence of express malice, the answer and defense should not aggravate the damages, and to this the judge replied, “I have charged otherwise, and I give you an exception both as to the method of ascertaining damages charged, and to the portion of the charge which permits the jury to consider the averments of the answer, bill of particulars, and conduct of the defense, in aggravation of damages.” The request referred to the aggravation of damages, to that the court allowed an exception and also an exception to the “ method of ascertaining *19 damages charged.” Now the only “ method of ascertaining damages charged ” was the one to which attention had been called, for the court after stating that there was “ no well defined rule by which you can estimate the value of a good name to a woman or honor to a man,” said 11 as good a way as any to get at it is, bring the question home to yourselves,” and then follows the direction of the jury in question. This is the rule the learned judge laid down as the “ method of ascertaining the damages,” and is the only portion of the charge that I have discovered to which such an exception could apply. In People ex rel. Dailey v. Livingston (79 N. Y. 279), the case stated that the defendant excepted to the closing of the charge in. regard to the ballot boxes. The court, holding that that was a sufficient exception, say, “It would have been strictly more accurate to have repeated the language excepted to, but the exception referred to. the close of the charge and the subject. There was a single idea in that part of the. charge, and that was expressed in clear and emphatic language. The exception could not have referred to anything else, and it is difficult to see how there could have been any misapprehension as to the application of the exception and it seems to me that whát was said in that case applies to the case at bar.
The court allowed .the exception and it was to the particularruling now sought to be reviewed, consequently the case is not one of the class of which Briggs v. Waldron (83 N. Y. 582), is an example.
There it appeared at the beginning of the trial, there was a statement that the court directed that whatever should'be objected to, the stenographer should enter an exception. The court of appeals say that this was simply regarded as entitling the defendant on the settlement of the case to have an exception entered to such ruling as he desired to review upon appeal, and held it was the duty of the appellant to see that an exception upon which he intended to rely, was properly noted; but in this case the exception was to a particular rule laid down by the court in the charge; after the court had allowed the excep *20 tion it would have been useless for the appellant to have made a request for such an exception. By such a request defendant could not have obtained more than had been given by the court, viz., an exception to the instruction on the point mentioned, and the defendant was by the action of the judge prevented from asking for an exception to such ruling.
Without passing on the other serious questions presented on the appeal, I am of the opinion that for the error above mentioned there should be a new trial, and I therefore concur with Judge Truax, that the judgment should be reversed and a new trial granted, with costs to abide the event.