Judgment and order appealed from affirmed, with costs.

VAN WYCK, Ch. J., concurs.

Judgment and order affirmed, with costs.

---

JAMES A. DENNISON, Appellant, *v.* FANNIE E. MUSGRAVE, Respondent.

(City Court of New York, General Term, July, 1897.)

**Practice — Where plaintiff fails to prove her case, the defendant is not entitled to a verdict.**

Where an attorney brings an action for services, but fails to make out a case, and both parties rest, the defendant having given no evidence, the court has no power to direct a verdict for the defendant, and should merely dismiss the complaint for insufficiency of proof.

APPEAL from a judgment in favor of defendant entered by direction of the court.

F. G. Wetterau, for appellant.

F. Bien, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered in favor of the defendant against the plaintiff upon a direction by the court.

The action is brought to recover the sum of nine hundred ($900) dollars for legal services rendered by the plaintiff to defendant at her special instance and request. ·The answer constitutes a general denial.

The evidence adduced at the trial does not present any facts or circumstances whatever upon which either a verdict for the plaintiff or for the defendant could be founded.

The plaintiff was bound to prove that he was employed by the defendant to render certain legal services for her, and that he did render those services and the value thereof.

To judge from the drift of the questions that were framed and put to the plaintiff, we assume that the plaintiff was employed by the husband of the defendant; that pursuant to orders received from the husband he rendered certain legal services, and that the defendant had the benefit of said services and ratified the same.

The plaintiff insisted upon proving the rendition of his services first, and that they were rendered upon the order of the defendant's husband. The court, however, kept him to a different order of proof, and directed him that he should prove first his employment by the defendant, or if employed by defendant's husband, his authority from the defendant in that respect.

The plaintiff thereupon framed and put a number of questions, every one of which were objected to and excluded.

At such a stage of the case both plaintiff and defendant rested. The defendant's attorney then made a motion for the direction of a verdict for the defendant. The motion was granted and exception taken. Thus a question of law is presented.

We maintain that the proper motion to be made should have been, and that the court had no other authority to entertain any motion, except one for the dismissal of the complaint for insufficiency of proof of the plaintiff's cause of action.

The court by directing a verdict for the defendant adjudged that on the evidence adduced the defendant was entitled to a judgment on the merits.

There is no such evidence in this case upon which any such judgment could be founded. Besides, this judgment would be a bar to a new action for the same cause; while a judgment dismissing the plaintiff's complaint for insufficient proof would not be a bar to a new action.

The court had no power to direct such a verdict upon inconclusive evidence. To maintain this judgment it had to appear that

upon the undisputed evidence the defendant was entitled to a judgment. There is no evidence whatever to sustain this judgment. Place v. Hayward, 117 N. Y. 487; Briggs v. Waldron, 83 id. 582; Lomer v. Meeker, 25 id. 361; Rudd v. Davis, 3 Hill, 287; affirmed in Court of Errors, 7 id. 529; Bliven v. Robinson, 152 N. Y. 333. These authorities establish the modes of taking the case from the jury, viz.:

First. If at the instance of the plaintiff, by motion to direct a verdict.

Second. If at the instance of the defendant, either by motion for a nonsuit, or by motion to direct a verdict, according to whether defendant is merely to put plaintiff out of court or to have a final adjudication against him.

In a common-law action after proofs submitted the plaintiff can only be nonsuited for failure to establish a cause of action and a verdict for defendant to an affirmative judgment against plaintiff.

There is a difference in the effect of the adjudication of a nonsuit and a verdict for defendant by direction of the court; the latter creates a bar to a new action and the former does not.

Judgment appealed from reversed and a new trial granted, with costs to appellant to abide the event.

McCarthy, J., concurs.

Judgment reversed and new trial granted, with costs to appellant to abide the event.