(40 Misc. Rep. 650.)

ROSENKRANZ v. SABERSKI.

(Supreme Court, Appellate Term.  March, 1903.)

1. CONVERSION—PRIVITY OF OWNERSHIP.
   In an action for the conversion of property, the possession of which was received by defendant from a third person, who obtained it from plaintiff, the fact that there was no privity of ownership between such third person and defendant could not defeat plaintiff's right of action, it appearing that defendant had exercised dominion over the property and deprived plaintiff of its use.

2. SAME—NONSUIT—DIRECTED VERDICT.
   In an action for conversion of property, in which plaintiff fails to prove his case, he should be nonsuited, and it is error to direct a verdict for defendant.

3. SAME—PREPONDERANCE OF EVIDENCE.
   Verdict should not be directed where there is a conflict of testimony upon material questions of fact, even though the evidence preponderates in favor of one of the parties.

83 N.Y.S.—17

Appeal from City Court of New York, General Term.

Action by Michael Rosenkranz against Rose Saberski. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Abraham B. Schleimer, for appellant.

Bienenfeld & Avrutis, for respondent.

GIEGERICH, J. The action is to recover damages for the conversion of a marble soda-water fountain. The answer is a general denial. It appears from the evidence adduced on behalf of the plaintiff that the apparatus in suit, belonging to the plaintiff, and bearing his name stamped upon it, was, in accordance with the plaintiff's business practice, delivered to a customer named Cohen, to be used by him. Cohen subsequently moved away, leaving the fountain in the possession of the defendant, who refused to surrender it to the plaintiff upon his demand; saying: "I cannot give it to you, because the man that gave me the key of the door said that everything around in the store belongs to me. I have to sell the apparatus, not to give it to you." That thereafter the plaintiff again demanded of her the apparatus or its value, whereupon she said: "I sold the apparatus. I have not got it any more, and I will pay you after a couple of days, and you come, and I will pay you the money for the apparatus." The defendant did not take the stand, but her husband and son did. They both denied that she had been upon the premises in question at any of the times mentioned by the plaintiff, and the son testified that the apparatus was "still there for the rightful owner," and that he was "ready to give it to Mr. Cohen." At the close of the entire case the defendant moved for direction of a verdict in her favor, which was granted, notwithstanding the plaintiff's request that there be submitted to the jury the following issues of fact, viz.: "Whether or not the defendant had sold the apparatus which is mentioned in the complaint, and appropriated the proceeds to her own use; and, secondly, whether she has converted that apparatus, after due demand was made upon her."

The learned General Term, in its opinion affirming the judgment, states:

"The record shows a preponderance of proof on the part of the defendant, as well as a failure on the part of the plaintiff to substantiate his alleged cause of action, and the application for direction of a verdict for the defendant was properly granted."

The plaintiff, a verdict having been directed, is entitled to the most favorable inference deducible from the evidence, and all disputed facts are to be treated as established in his favor. McDonald v. Metropolitan St. R. Co., 167 N. Y. 66, 68, 60 N. E. 282. Testing his evidence by this rule, it is clear that he proved all the essential requisites of an action for conversion. The learned General Term adverts to the fact that there was no privity of ownership between Cohen and the defendant, but that circumstance cannot defeat the plaintiff's right of action, the defendant having exercised a dominion over the property in suit, and deprived the plaintiff of its use. 26

Am. & Eng. Encyc. of Law, 714; O. J. Gude Co. v. Farley, 25 Misc. Rep. 502, 54 N. Y. Supp. 998. There was, as thus appears, no failure of proof on the part of the plaintiff; but, even if he had failed to prove his case, and ought to have been nonsuited, the defendant was not entitled to have a verdict directed in her favor, which would be a final bar to the plaintiff's right of action. Briggs v. Waldron, 83 N. Y. 582, 586; Baylie, Tr. Pr. (2d Ed.) 324.

The trial justice likewise erred in taking the case from the jury upon the ground that the evidence preponderated in favor of the defendant. Assuming, without deciding, such to be the fact, the record nevertheless discloses, as we have seen, a conflict of testimony upon material questions of fact, which was for the jury, and not for the court, to determine, and hence the direction of a verdict was not warranted. Schillinger v. McGarry, 25 Misc. Rep. 745, 55 N. Y. Supp. 673; Chambers v. Goldklang, 31 Misc. Rep. 247, 64 N. Y. Supp. 36; McDonald v. Metropolitan St. R. Co., supra. As was said by the court in the last-cited case (page 70, 167 N. Y., page 283, 60 N. E.):

"Whenever a plaintiff has established facts or circumstances which would justify a finding in his favor, the right to have the issue of fact determined by a jury continues, and the case must ultimately be submitted to it."

There were other points urged by the appellant's counsel, but they may be presented upon another trial, and need not be passed upon. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.