ROTHENBERG v. ROSENBERG.

(Supreme Court, Appellate Term.    February 7, 1908.)

TRIAL—DIRECTION OF VERDICT.
    Though plaintiff failed to prove his case, it was error to direct a verdict for defendant, where the evidence was insufficient to justify such a verdict; but the court should have dismissed the complaint.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 381–384.]

Appeal from City Court of New York, Trial Term.

Action by John W. Rothenberg against Ignatz I. Rosenberg. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Charles Liebling, for appellant.

Joseph Wilkenfeld, for respondent.

SEABURY, J. The plaintiff, a plumber, sued to recover damages for the breach of a contract under which he agreed to do plumbing work and furnish materials. The complaint alleges that, while the plaintiff was in the act of performing the contract, the defendant prevented him from continuing his work. At the close of the case it was evident that the plaintiff had failed to sustain by evidence the allegations of his complaint. Such being the case, the court should have dismissed the complaint. This course, however, was not adopted. The learned trial justice directed a verdict for the defendant. The effect of a direction of a verdict for the defendant was equivalent to a judgment upon the merits, and would constitute a bar to another action. The evidence was insufficient to justify this disposition. At most the court was, in view of the circumstances of the case, justified merely in dismissing the complaint because of the insufficiency of the proof. Briggs v. Waldron, 83 N. Y. 582; Dennison v. Musgrave (City Ct. N. Y.) 46 N. Y. Supp. 530.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.