JOHN W. ROTHENBERG, Appellant, *v.* IGNATZ I. ROSENBERG, Respondent.

(Supreme Court, Appellate Term, February, 1908.)

Taking case from jury and nonsuit — Distinction between direction of verdict and nonsuit.

> In an action by a plumber for breach of a contract under which he agreed to do work and furnish materials, where, at the close of the case, it was evident the plaintiff had failed to sustain by evidence the allegations of his complaint, the court should have dismissed the complaint; and it was error to direct a verdict for the defendant.

Supreme Court, Appellate Term, February, 1908.    [Vol. 57.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, entered upon the verdict of a jury in favor of the defendant, rendered by direction of the court.

Charles Liebling, for appellant.

Joseph Wilkenfeld, for respondent.

SEABURY, J.   The plaintiff, a plumber, sued to recover damages for the breach of a contract, under which he agreed to do plumbing work and furnish materials.   The complaint alleges that, while the plaintiff was in the act of performing the contract, the defendant prevented him from continuing his work.   At the close of the case, it was evident that the plaintiff had failed to sustain by evidence the allegations of his complaint.   Such being the case, the court should have dismissed the complaint.   This course, however, was not adopted.   The learned trial justice directed a verdict for the defendant.   The effect of a direction of a verdict for the defendant was equivalent to a judgment upon the merits, and would constitute a bar to another action.   The evidence was insufficient to justify this disposition.   At most the court was, in view of the circumstances of the case, justified merely in dismissing the complaint because of the insufficiency of the proof.   Briggs v. Waldron, 83 N. Y. 582; Dennison v. Musgrave, 20 Misc. Rep. 678.

The judgment appealed from is reversed and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE and GERARD, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.