ROTHFUSS v. H. J. KOEHLER SPORTING GOODS CO.

(Supreme Court, Appellate Term. May 4, 1911.)

TRIAL (§ 169*)—DIRECTING VERDICT.

   Plaintiff's proof being insufficient to make out a cause of action, and no proof being offered by defendant, it is error to direct verdict for defendant. There should be a mere dismissal of the complaint, enabling plaintiff to sue over.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 381–389; Dec. Dig. § 169.*]

Appeal from City Court of New York, Trial Term.

Action by Carl W. S. Rothfuss against the H. J. Koehler Sporting Goods Company. From a judgment on a verdict directed for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Masten & Nichols, for appellant.
Wallace D. Scott, for respondent.

GERARD, J. At the close of plaintiff's case, and before any evidence had been offered on behalf of defendant, and before the defendant rested, on motion of defendant's counsel, the court directed the jury to find a verdict in favor of defendant. When the proof adduced by plaintiff is insufficient to make out a cause of action, and no proof is offered by defendant, it is error to direct a verdict for defendant, because a dismissal of the complaint merely puts the plaintiff out of court, and enables him to sue over, on payment of the costs of the first suit; but the direction of a verdict is a bar to plaintiff's right of action. Rosenkranz v. Saberski, 40 Misc. Rep. 650, 83 N. Y. Supp. 257; Rothenberg v. Rosenberg, 57 Misc. Rep. 653, 108 N. Y. Supp. 678.

In this view of the record, it becomes unnecessary for us to consider the other questions raised on appeal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.