HENDERSON TIRE & RUBBER Co., INC., Appellant, Respondent, *v.* P. K. WILSON & SON, INC., and Others, Respondents, Appellants.

Fourth Department, November 29, 1922.

Sales — action to recover purchase price of part of goods and for damages for anticipatory breach — Personal Property Law, §§ 144 and 146, construed — action not maintainable for purchase price where all goods not tendered — action for anticipatory breach not maintainable in absence of notice of election to rescind — counterclaim for breach of warranty not maintainable in absence of notice of breach required by Personal Property Law, § 130 — motion to resettle judgment to include statement that dismissal of complaint was on merits properly denied.

An action to recover the purchase price of a part of goods sold is not maintainable under section 144 of the Personal Property Law, where it appears that a part only of the goods purchased was tendered by the seller and that the part tendered did not represent an installment, for a seller cannot recover the purchase price of goods unless he tenders full performance of the entire contract or of a complete installment.

An action for damages based on an anticipatory breach of a contract for the sale of goods cannot be maintained where the seller has not served a notice on the purchaser of his election to rescind the contract as required by section 146 of the Personal Property Law.

An action on a counterclaim for breach of warranty in the sale of goods is not maintainable where the purchaser has not served a notice of the breach as required by section 130 of the Personal Property Law.

Defendant's motion to resettle the judgment to include a statement that the dismissal of the complaint was on the merits was properly denied, where it appears that defendant's motion for nonsuit was made at the close of the plaintiff's evidence with the request to reserve decision until the defense had been interposed; that the motion was taken up at the close of the entire case but no motion was made for a directed verdict, and that the judgment provided that the dismissal was without prejudice.

HUBBS, J., dissents, and SEARS, J., dissents in part, each with memorandum.

CROSS-APPEALS by the plaintiff, Henderson Tire & Rubber Co., Inc., and by the defendants, P. K. Wilson & Son, Inc., and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 17th day of April, 1922, upon the dismissal of the complaint and the counterclaim without prejudice by direction of the court at the close of the case after a trial by the court and a jury. The plaintiff appeals from so much of the judgment as dismisses the complaint and the defendants appeal from so much of the judgment as dismisses the counterclaim and provides that the dismissal of the complaint is without prejudice.

The plaintiff also appeals from an order, entered in said clerk's office on the same day, denying its motion for a new trial made upon the minutes, and the defendants appeal from an order likewise entered denying their motion for a resettlement of the form of said judgment.

*George C. Riley [Simon Fleischmann* and *Martin Clark* of counsel], for the plaintiff.

*Locke, Babcock, Spratt & Hollister [Jacob Scholer* and *Harold L. Fierman* of counsel], for the defendants.

DAVIS, J.:

The parties entered into a written contract for the sale of automobile tires of certain specified sizes and quality which were to be sold abroad. The contract has been performed in part, and the defendants, the purchasers, refuse to take and pay for the remaining portion of the tires they had agreed to take under their contract. The plaintiff has not manufactured and tendered the remaining portion of the tires, nor has it given notice of its election to rescind the contract and sue for damages sustained by non-performance on the part of the defendants. The time for delivery under the contract had expired before delivery was complete, but it is claimed by the plaintiff that condition was waived by defendants.

The individual defendants assert a counterclaim for damages for breach of warranty claiming that the grade of material and workmanship were inferior and not as plaintiff warranted, and that many tires were defective and unsalable and did not correspond with the sample furnished.

When the defendants declined to proceed with the contract plaintiff had on hand tires practically completed of the value of $37,510.32 and specifications for others amounting to more than $20,000. The plaintiff offered to deliver those manufactured but defendants refused to accept them.

Plaintiff treats this as a tender of performance and having given the notice as provided in section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571) sets up as its first cause of action the purchase price of those tires which it claims to hold as bailee for the defendants.

The second cause of action is for damages arising out of the anticipatory breach of the contract on the part of the defendants in their failure to order and accept automobile casings to the amount of $327,393.47 and for the loss and damage plaintiff has suffered thereby to the extent of $192,040.41.

The court granted the defendants' motion for a nonsuit as to both causes of action at the close of the evidence on the trial, and from that part of the judgment the plaintiff has appealed.

We think there was but one cause of action for the reason that there was but one anticipatory breach consisting of the refusal of the defendants to proceed with the contract. The portion of tires on hand represented no installment the defendants were bound to accept. It was only a portion of the amount the plaintiff was required to deliver under the terms of the contract. If the plaintiff wished to put the defendants in default, it must offer to perform the obligations under the contract, not in such part as it should elect, but in full. Furthermore, it would be inconsistent in such a contract to assert the right to hold the defendants to such a liability under the contract as though it were unbroken and maintain another cause of action at the same time for damages because there was an anticipatory breach of the contract.

Not that the plaintiff is voluntarily taking that position, for the theory advanced here on its part is that the contract may be treated as existing and in force and the plaintiff may sue for its damages because the defendants have failed to perform. The plaintiff contends it is not obliged to rescind; that it may treat the contract as broken and desist from further effort on its part to perform, or in other words, abandon it and recover as damages the profits which it would have received through full performance. Plaintiff relies in this position on the authority of Williston on Sales (§ 591); *Anvil Mining Co.* v. *Humble* (153 U. S. 540) and *Elterman* v. *Hyman* (192 N. Y. 113).

While we do not disagree with the soundness of this general rule in its application to a contract breached by one party, the statute (Pers. Prop. Law, § 146, as added by Laws of 1911, chap. 571) as interpreted by our courts seems to have made mandatory another form of remedy. We, therefore, regard the plaintiff's position untenable in this action and reach the conclusion that before the plaintiff could maintain an action for damages it was required

**776**  HENDERSON TIRE & R. CO., INC., *v.* WILSON & SON, INC.

Fourth Department, November, 1922. [Vol. 203

to rescind the contract and give defendants notice of its election so to do that defendants might be informed as to its position regarding the contract. In other words, the party who refuses to regard a contract terminated by a breach by the other party remains subject to its obligations and liabilities. (*Rosenthal Paper Co.* v. *National Folding Box & P. Co.*, 226 N. Y. 313.) He may not at the same time treat the contract as broken and subsisting. (*Strasbourger* v. *Leerburger*, 233 N. Y. 55.) The contract thus preserved remains alive as much for the benefit of the buyer as for the benefit of the seller. (*Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.*, 221 N. Y. 120.)

We regard the authority last cited as decisive on the principal question in this case. Here as in that case although the defendants were at fault, the contract survived because the plaintiff gave no notice to treat it as abandoned. Plaintiff denies further obligation on its part and sues for damages caused by the refusal of defendants to perform in the future.

There can be then but one cause of action. If there has been an anticipatory breach by defendants and plaintiff gives notice of its election to rescind, it may recover damages for the loss directly and naturally resulting from the buyer's breach of contract which may include damages for the goods manufactured the defendants failed to accept, damages for material, labor and expense for goods in the course of manufacture and the loss of profits. (Pers. Prop. Law, § 145, as added by Laws of 1911, chap. 571.) But if it gives no such notice and elects to treat the contract as a living one, it must stand ready to perform its obligations. It might, however, have defended an action brought by the buyer to recover damages, setting up the breach of the contract on the part of the buyer, without being bound to give notice of rescission. (*Heller & Brother* v. *Continental Mills*, 196 App. Div. 7; affd., 233 N. Y. 641.)

The first time the individual defendants have given serious attention to their counterclaim for damages for breach of warranty seems to have been on this appeal. Three separate motions to dismiss it were made by plaintiff at different stages of the trial. At the close of the trial, motions for nonsuit were made by both sides. If the defendants' counsel mentioned the counterclaim during the long argument which covers seventy pages of the record, I have failed to discover it. After it was dismissed it was some time before counsel even took a formal exception. Proof seems to be lacking that the defendants gave any such notice to plaintiff of a breach of warranty of the quality of the tires after defendants had accepted them, as they were required to do. (Pers. Prop. Law, § 130, as added by Laws of 1911, chap. 571.)

The motion to resettle the judgment to include the statement that the dismissal of the complaint was made on the merits was properly denied.  The motion for nonsuit was made at the close of the plaintiff's evidence and defendants' counsel in making the motion at the same time asked the court to reserve decision thereon until the defense had been interposed.  The defendants called two witnesses to make some proof upon its counterclaim.  The plaintiff then gave evidence in contradiction of defendants' proof.  The motion for nonsuit was then taken up.  No motion was made to direct a verdict.  The court granted the nonsuit · making it clear that it was not a dismissal on the merits, and the judgment in conformity therewith provided that the complaint was dismissed, but " without prejudice."  We find no error.  The plaintiff may have rights still undetermined, although it is held that it may not maintain this action.  (Code Civ. Proc. § 1209; Civ. Prac. Act, § 482; *Rothenberg* v. *Rosenberg*, 57 Misc. Rep. 653; *Briggs* v. *Waldron*, 83 N. Y. 582.)

The judgment and the order denying plaintiff's motion for a new trial and the order denying defendants' motion to resettle the judgment should be affirmed, without costs.

All concur, except HUBBS, J., who dissents, and SEARS, J., who dissents in part, each in a separate memorandum.

HUBBS, J. (dissenting):

I dissent and vote for reversal and a new trial upon both causes of action set forth in the complaint.

The time limit provided in the contract was waived by the acts of the parties.  I do not think that there is anything inconsistent between the two causes of action contained in the complaint.  In my opinion section 146 of the Personal Property Law (as added by Laws of 1911, chap. 571) has no application to the facts in this case.  Under the plain reading of that section it applies only where the seller may " totally rescind " the contract.  I do not believe that there is any controlling decision in the courts to the contrary.  The clear wording of the section, the construction placed upon it by its drafters, the prior decisions in this State and the decisions of the courts of other States without exception, should not be disregarded.

SEARS, J. (dissenting):

While I agree with Mr. Justice DAVIS, that under the authority of *Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.* (221 N. Y. 120) the failure of the plaintiff to prove that notice of rescission was given was fatal to a recovery of damages for an anticipatory breach, the evidence, in my opinion, required the submission to

the jury of the cause of action for the purchase price of the tires which were fully manufactured. There was evidence from which the jury might have found a waiver by the defendants of the elements of time and quantity in the contract as to these particular tires, and also a tender by the plaintiff of the articles (or a waiver by the defendants of such a tender), the giving of the notice required by subdivision 3 of section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571) and the fact that the articles were not readily resalable.

Judgment and orders affirmed, without costs.